# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MISTI HAYS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KIMCO FACILITY SERVICES, LLC, <br><br> Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Misti Hays, individually and on behalf of all others similarly situated, by and through her attorneys, Caffarelli & Associates Ltd. and Blanton, Nickell, Collins, Douglas, & Hanschen LLC, brings this Complaint against Defendant Kimco Facility Services, LLC ("KFS" or "Defendant"), and states as follows:

## NATURE OF ACTION

1. This action is based on Defendant's failure to pay Plaintiff and similarly situated current and former employees of Defendant at a rate equal to one and one-half times their regular rate of pay ("the overtime rate") for all hours worked in excess of forty (40) per workweek ("overtime hours") in violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff also brings an individual action based on Defendant's retaliation against her in violation of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (right of action under the FLSA).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, members of Defendant's management team committed the acts giving rise to Plaintiff's claims in this jurisdiction.

**PARTIES**

5. Hays is an adult resident of Morehouse, Missouri. She was hired as a Cleaner for Defendant in May of 2017 and remains employed by Defendant as of the date of filing of this Complaint.

6. Defendant is a Georgia limited liability company licensed to conduct business in Illinois. Defendant provides cleaning and maintenance services to large commercial facilities throughout the United States. Its principal office is located in Atlanta, Georgia.

7. Throughout her employment, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. Defendant is subject to the overtime and anti-retaliation provisions of the FLSA and is an "employer" within the meaning of the statute.

**STATEMENT OF FACTS**

9. Plaintiff began working as a Cleaner for Defendant in May of 2017 and remains employed by Defendant as of the date of filing of this Complaint.

10. Plaintiff was not exempt from the overtime provisions of the FLSA.

11. During her employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per workweek.

12. Defendant has paid Hays at an hourly rate of $14 per hour throughout her employment at KFS; except that, as noted herein, Defendant failed to pay Plaintiff for all hours actually worked.

13. Throughout her employment, Plaintiff has provided cleaning services at various commercial facilities for Defendant's clients.

14. Throughout her employment with KFS, Hays reported to District Manager Heidi Wilson ("Wilson"). Wilson's territory includes the states of Missouri, Illinois, Kansas, Iowa, Nebraska, and South Dakota.

15. Beginning in April 2019, Hays also reported to Missouri Area Manager Amanda Anderson ("Anderson").

16. Throughout Plaintiff's employment, Wilson and Anderson both performed work for Defendant at offices it maintains in Des Plaines, Illinois.

17. Throughout Plaintiff's employment, Anderson managed Defendant's employees, including Plaintiff, and otherwise oversaw Defendant's operations while working at Defendant's office in Des Plaines, Illinois.

18. Throughout Plaintiff's employment, Wilson managed Defendant's employees, including Plaintiff, and otherwise oversaw Defendant's operations while working at Defendant's office in Des Plaines, Illinois.

19. Plaintiff worked overtime hours for Defendant, and her time records as submitted to Defendant reflected these overtime hours.

20. Throughout Plaintiff's employment, Wilson knowingly and regularly altered Hays's weekly timesheets to make it appear as though Hays had worked fewer hours than she had in fact worked and recorded.

21. Defendant paid Hays according to the inaccurate, reduced timesheets throughout her employment.

22. As a result of Defendant's practice described above, Defendant failed to pay Hays the overtime rate for all overtime hours worked.

23. Plaintiff complained several times to Anderson about her paycheck being incorrect and not being paid for all hours worked, including overtime hours.

24. Anderson consistently failed to take any action to correct Plaintiff's paychecks.

25. Further, on June 12, 2020, Plaintiff emailed both Anderson and Wilson that her timesheets were being incorrectly altered and that she was not being paid for all hours worked, including overtime hours. Plaintiff also requested her timesheets from both Anderson and Wilson in that email.

26. Defendant continued to take no action to address Hays's complaints and failed to provide Hays her requested timesheets.

27. On June 15, 2020, Hays emailed the Manager of Payroll from Defendant's corporate office, Michele Denise. In that email, Hays complained about Wilson altering her timesheets to deprive her of overtime compensation, and requested an investigation into the issue.

28. Denise forwarded Hays' complaint to Human Resources ("HR") Director, Patricia Kellner. Ms. Kellner then forwarded her complaint to an HR Representative, Onesimo Romero, to handle her complaint.

29. On June 22, 2020, one week after Hays complained about her timesheets being altered, she received a call from Romero. Romero directed Hays to immediately return the keys she had and used to access one of her assigned work sites, an AT&T facility.

30. Hays asked Romero, Wilson, and Anderson why she was being removed from the AT&T site despite consistently receiving excellent reviews from the store manager there. All three refused to provide Hays an answer.

31. As a result of Defendant removing Hays from the AT&T site, Hays' hours and compensation were significantly reduced.

32. To date, Defendant has failed to address Wilson's practice of altering Hays' timesheets and failing to pay Hays for all hours worked, including overtime hours.

33. The FLSA protects employees from retaliation for making complaints under the Act. 29 U.S.C. § 215(a)(3).

34. Defendant's decision to remove Hays from the AT&T site one week after she made a report to HR about the failure to pay her all earned overtime wages constitutes retaliation in violation of the FLSA.

35. Upon information and belief, Defendant has a widespread practice, pattern or policy of altering time records and failing to pay employees at the overtime rate for all overtime hours worked.

36. Defendant was aware of its obligation to pay Plaintiff and other similarly situated employees the overtime rate for all overtime hours and intentionally chose not to do so.

37. Defendant acted in bad faith in failing to properly compensate Plaintiff for all work she performed.

**COUNT I – FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime Wages)**
**(§ 216(b) Collective Action)**

38. Plaintiff re-states and incorporates each of the above paragraphs as though fully set forth herein.

39. Pursuant to 29 U.S.C. § 207, Plaintiff and all other similarly situated employees are entitled to be compensated at the overtime rate for all hours worked in excess of forty (40) in individual workweeks during her employment with Defendant.

40. Defendant failed to pay Plaintiff and all members of the putative collective at the overtime rate for all overtime hours worked.

41. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 207. Plaintiff attaches as **Exhibit A** her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

42. All past and present employees of Defendant whose time sheets were altered to their detriment and who, as a result, did not receive all overtime compensation owed to them, are similarly situated to Plaintiff.

43. Defendant's failure to pay Plaintiff the overtime rate for all hours worked in excess of forty (40) per workweek is a violation of the FLSA.

44. Defendant knew its obligations under the FLSA, but deliberately chose not to heed them. Defendant's failure to properly compensate Plaintiff is therefore a willful violation of the law.

45. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is due back wages and liquidated damages.

WHEREFORE, Plaintiff Misti Hays, on behalf of a class of similarly situated employees, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime wages for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

6
Case 6:21-cv-03265-MDH   Document 1   Filed 09/15/20   Page 6 of 8

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding Plaintiff her reasonable attorneys' fees and costs incurred in filing this action; and

e) Awarding such additional relief as the Court may deem just and proper.

## COUNT II –FAIR LABOR STANDARDS ACT
### (Retaliation)
### (Individual Action)

46. Plaintiff re-states and incorporates the above paragraphs as though fully set forth herein.

47. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 215(a)(3) for its retaliation against Plaintiff for complaining about violations of the FLSA.

48. As set forth above, Plaintiff reported to Defendant's corporate office on June 15, 2020 about Wilson's regular practice of altering her timesheets and failing to pay her for all hours worked, including overtime hours.

49. One week later, on June 22, 2020, Defendant removed Plaintiff from her assignment at the AT&T facility with no explanation.

50. As a result of Defendant removing Plaintiff from the AT&T facility, Plaintiff's hours and compensation were significantly reduced.

51. Defendant's removal of Plaintiff from the AT&T facility constitutes retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

52. As a direct and proximate result of Defendant's retaliation in violation of the FLSA, Plaintiff is due lost wages and statutory damages.

WHEREFORE, Plaintiff Misti Hays respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all wages lost as a result of Defendant's retaliation, pursuant to 29 U.S.C. § 216(b);

b) Awarding liquidated damages in an amount equal to the lost wages pursuant to 29 U.S.C. § 216(b);

c) Awarding punitive damages and equitable relief pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest;

e) Awarding Plaintiff her reasonable attorneys' fees and costs incurred in filing this action; and

f) Awarding such additional relief as the Court may deem just and proper.

Dated: September 15, 2020

Respectfully submitted,

Alejandro Caffarelli
Madeline K. Engel
Katherine Stryker
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300
Chicago, IL 60604
Tel. (312) 763-6880
acaffarelli@caffarelli.com
mengel@caffarelli.com
kstryker@caffarelli.com

MISTI HAYS, individually and on behalf of all others similarly situated,

By: /s/ Alejandro Caffarelli
Attorney for Plaintiff

Shaun Hanschen
Diedre Peters* (motion for pro hac vice to be filed)
Law Offices of Blanton, Nickell, Collins,
Douglas & Hanschen, LLC
219 S Kingshighway
Sikeston, MO 63801
Tel. 573 471-1000
shanschen@blantonlaw.com
dpeters@blantonlaw.com