THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MISTI HAYS,<br><br>                   **Plaintiff,**<br><br>   vs.<br><br>**KIMCO FACILITY SERVICES, LLC**,<br><br>                   **Defendant.** | **Case No. 1:20-CV-05467**<br><br>**Honorable Andrea R. Wood** |

**DEFENDANT KIMCO FACILITY SERVICES, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Plaintiff Misti Hays filed suit against Defendant Kimco Facility Services, LLC ("Kimco"), in the U.S. District Court for the Northern District of Illinois alleging two violations of the Fair Labor Standards Act, 29 USC § 201, *et seq.* ("FLSA"). However, not a single wrongful action alleged by Plaintiff took place in Illinois. Accordingly, venue is improper here and Plaintiff's Complaint should be dismissed. In the alternative, the case should be transferred to the U.S. District Court for the Eastern District of Missouri, Southeastern Division. In support of its motion, Defendant states as follows:

*Relevant Facts*

Solely for the purposes of this motion, Defendant accepts the following facts alleged in Plaintiff's Complaint as true: Plaintiff resides in Morehouse, Missouri. Dkt. 1 at ¶ 5. Kimco is a Georgia corporation authorized to do business in the State of Missouri. *See* Decl. of Mary Ann Calzon-Bazain ("Bazain Dec."), at ¶ 6, attached hereto as Exhibit A. Plaintiff was hired by Kimco as a cleaner in Missouri, and she holds that position to this day. Dkt. 1 at ¶ 5. As a cleaner, Plaintiff provides janitorial services to clients in southeastern Missouri, most recently in Poplar

Bluff and Sikeston, Missouri. Ex. A at ¶ 16. Plaintiff has never been assigned to work nor has she ever performed any work in Illinois. *Id*.

During her employment with Kimco, Plaintiff alleges she has reported to Missouri Area Manager Amanda Anderson and District Manager Heidi Wilson, whose territory includes Missouri. Dkt. 1 ¶¶ 14-15. Plaintiff alleges that Anderson and Wilson performed work for Kimco at Kimco's office in Des Plaines, Illinois. *Id*. at ¶¶ 16-18. She further alleges that Anderson and Wilson managed Kimco employees, Plaintiff included, and oversaw Kimco's operations while working at the company's office in Des Plaines, Illinois. *Id*.

On September 15, 2020, Plaintiff filed her Complaint in the Eastern Division of the U.S. District Court for the Northern District of Illinois ("Complaint"). Dkt. 1. Plaintiff's Complaint alleges a putative collective action on the basis that Kimco violated the overtime provisions of the FLSA and an individual action alleging that Kimco violated the anti-retaliation provision of the FLSA, 29 USC § 215(a)(3). *Id*. Plaintiff further alleges venue is proper "pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District." *Id*. at ¶ 4. Specifically, Plaintiff claims venue is proper here because "members of Defendant's management team committed the acts giving rise to Plaintiff's claim in this jurisdiction," because Anderson and Wilson worked in and oversaw Plaintiff's employment from Kimco's Des Plaines, Illinois, office. *Id*. at ¶¶ 16-18. Plaintiff is incorrect.

Wilson resides in Marshfield, Missouri. Ex. A at ¶ 8. Wilson is a remote, at-home worker who is not assigned to a physical Kimco office space. *Id.* at ¶ 9. The district she supervises is in Missouri, and her supervision and management of employees occurs in Missouri. *Id*. Anderson resides in Seymour, Missouri. *Id*. at ¶ 11. Her employment with Kimco is also based out of Missouri, and her primary work location for Kimco is in Missouri. *Id*. at ¶ 12. Anderson is also a

7021334v.1

remote worker who is not assigned to a physical Kimco office space. *Id*. Neither Anderson nor Wilson live in Illinois and neither have performed work for Kimco out of the company's office in Des Plaines, Illinois. *Id*. at ¶¶ 8, 11, and 16. In fact, Kimco's Des Plaines office is primarily used by sales employees who are customarily and primarily working away from the office, not by district or area managers. *Id*. at ¶ 7.

*Argument*

**I.      Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), dismissal is necessary when venue is improper. On a motion to dismiss for improper venue, the plaintiff bears the burden of establishing that the chosen venue is proper. *Rotec Indus., Inc. v. Aecon Group, Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006) (citing *Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 18, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). In ruling on a motion to dismiss under Rule 12(b)(3), the Court takes all allegations in the complaint as true unless contradicted by the Defendant's affidavit. *Id*. The Court may examine facts outside the complaint, but it must resolve all factual conflicts and draw all reasonable inferences in the Plaintiff's favor. *Id*.

**II.     Venue is Improper in Illinois Under Section 1391(b)(2).**

Under 28 USC § 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, Plaintiff claims venue is proper in this jurisdiction under 28 USC § 1391(b) because "a substantial part of the events or omissions giving rise to the claims occurred

7021334v.1

in this District." Dkt. 1 at ¶ 4. In other words, Plaintiff's claim as to proper venue is based exclusively on and quotes verbatim Section 1391(b)(2). Under Section 1391(b)(2), the test "is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015).

Here, Plaintiff's Complaint is devoid of meritorious factual allegations showing that a substantial part of the events giving rise to her FLSA claims occurred in Illinois. Kimco is a Georgia corporation with its principal place of business in Atlanta, Georgia. Ex. A. at ¶ 3. Plaintiff lives in Missouri. *Id*. at ¶ 15. The work Plaintiff performs for Kimco occurs exclusively in Missouri. *Id*. at ¶ 16. Insofar as Plaintiff lives in Missouri and performs work for Kimco exclusively in Missouri, Plaintiff is compensated in Missouri, and (to the extent such events occurred) she complained about Wilson and Anderson from Missouri. *Id.* at ¶¶ 15-16.

Moreover, Plaintiff's Complaint affirmatively pleads that she reports to <u>Missouri</u> Area Manager Amanda Anderson, Dkt. at ¶ 15, and to District Manager Heidi Wilson whose territory of responsibility includes <u>Missouri</u>. *Id.* at ¶ 14. Critically, contrary to Plaintiff's allegations, <u>Wilson and Anderson both reside in and work in and/or out of Missouri; neither individual performs work for Kimco out of Des Plaines, Illinois</u>. Ex. A at ¶¶ 8-9, 11-12, and 14. While Plaintiff attempts to connect Wilson and Anderson to Kimco's small sales office in Des Plaines, this allegation is simply without foundation.

Furthermore, Plaintiff describes the putative collective plaintiffs as "similarly situated employees." Dkt. 1 at ¶ 42. Thus, Defendant assumes for the purpose of this motion that they, too, must be Missouri residents who performed work for Kimco as cleaners in Missouri, reporting to the Missouri Area Manager and District Manager with responsibility for Missouri. *Id.*

7021334v.1

In sum, a substantial part of the events or omissions giving rise to the claim did <u>not</u> occur in Illinois. In fact, upon information and belief, <u>none of the events or omissions giving rise to the claim occurred in Illinois</u>. As a result, venue does not exist under Section 1391(b)(2) and this lawsuit should be dismissed pursuant to Rule 12(b)(3).

**III.     Alternatively, Transfer to the Eastern District of Missouri, Southeastern Division, is Appropriate.**

In the alternative, pursuant to 29 USC § 1404(a), a court may transfer an action filed in a proper district to a district that may be more convenient in the interests of justice. *Research Automation, Inc., v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). The Court has broad discretion in transferring an action pursuant to 29 USC § 1404(a). *Id.* at 978. Kimco, as the movant, must show that the following requirements are met: "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both parties and witnesses; and (4) transfer would serve the interests of justice." *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007) (citing *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999).

As to the first requirement, this alternative request to transfer only applies in the event the Court finds proper venue in this jurisdiction. Kimco again disputes that venue is proper in the district given that no event relevant to Plaintiff's allegations took place here, as explained more fully above. However, in the event that the Court finds that venue it is appropriate, the first requirement would be met.

As to the second requirement, per the above discussion, the events or omissions giving rise to Plaintiff's claims occurred in Missouri, in counties encompassed by the U.S. District Court for the Eastern Missouri, i.e. Scott, New Madrid, and/or Butler counties. *See*

7021334v.1

https://www.moed.uscourts.gov/counties-division (last accessed on Nov. 12, 2020).[1]  Therefore, venue is proper in the Eastern District of Missouri and, as such, the second requirement would be met.

As to the third requirement, the Court analyzes the following private interest factors: (1) Plaintiff's choice of forum; (2) situs of material events; (3) convenience of the parties; and (4) convenience of the witnesses. *Moore*, 487 F. Supp. 2d at 1006.

   a. *Plaintiff's Choice of Forum*

Regarding the first element of the third requirement, while Kimco acknowledges that the Court must give some weight in favor of the forum in which the Plaintiff chose to file her Complaint, *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989), the deference typically afforded a Plaintiff's forum choice is diminished where the cause of action does not arise in the forum or the Plaintiff does not live in the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-6 (1981). ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.").

Here, Plaintiff's choice of forum should be given no weight because Plaintiff does not live in the forum and has not established any relationship between Illinois and the material events giving rise to her claims. Plaintiff lives in Missouri and all relevant events occurred in Missouri. *See* Ex. A, passim. Additionally, deference is further diminished where a collective or class action is pursued because any plaintiff can claim that any other jurisdiction is more convenient. *See e.g.*

---

[1] On a motion to dismiss, a court may take judicial notice of matters of public record and consider documents incorporated by reference in the pleadings. *See Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

7021334v.1

*Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). In this case, the putative collective plaintiffs are only vaguely described by Plaintiff's Complaint as "similarly situated employees" and are, therefore, most reasonably inferred as being Missouri residents who performed work for Kimco as cleaners in Missouri and reported to a Missouri area manager and/or the district manager with responsibility for Missouri.

    b. *Situs of Material Events*

In regards to the second element of the third requirement, Missouri satisfies the material events test, not Illinois. As stated above, Plaintiff's complaint is devoid of any accurate factual allegations connecting her claims to Illinois. Thus, as shown by Kimco's statement and declaration, the proper situs of material events is Missouri.

    c. *Convenience of the Parties and Witnesses*

When considering the third element of the third requirement – the convenience of the parties – the court considers the "'relative ease of access to sources of proof' and the 'cost of securing witnesses' as factors in the transfer analysis." *Moore*, 487 F. Supp. 2d at 1007. In this case, the Plaintiff resides in Missouri. Ex. A at ¶ 15. The work performed took place in Missouri. *Id.* at ¶ 16. Plaintiff's managers, Wilson and Anderson, reside in Missouri. *Id.* at ¶¶ 8 and 11. Payroll records and applicable policies are maintained and retained by Kimco's corporate headquarters in Georgia. *Id.* at ¶ 5. The potential putative collective plaintiffs may most likely be made up of similarly situated employees who, because they are similarly situated to Plaintiff, likely reside in or very near Missouri and performed work as cleaners for Kimco in Missouri for managers who reside in Missouri. *Id.* at ¶¶ 8, 11, and 15-16. Furthermore, transferring venue to the Eastern District of Missouri does not shift convenience from one party to another. Some or all counsel for both Plaintiff and Defendant are licensed to practice law and maintain offices in

7021334v.1

Missouri. With the exception of some of Plaintiff's counsel who appear to reside in Chicago, all parties would be inconvenienced by having to litigate in Illinois, a venue that is, again, unrelated to any events surrounding this case and one in which the parties, key witnesses, and documentary evidence are not located.

Moreover, in regards to the convenience of the witnesses specifically, key witnesses will unquestionably include Plaintiff, the yet-to-be determined putative collective plaintiffs made up of similarly situated employees, and Plaintiff's managers. None of these individuals is an Illinois resident, as far as Kimco is aware, and all would have to travel to Illinois for trial, likely while the COVID-19 pandemic continues.

Finally, the fourth element for establishing whether transfer is appropriate is a determination of whether the transfer would serve the interests of justice. *Moore*, 487 F. Supp. 2d at 1006. In evaluating this element, courts consider public interest factors, such as speed to trial, courts' familiarity with applicable law, desirability of resolving controversies in each locale, and relation of each community. *Nalco Co. v. Envtl. Mgmt., Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). In this case, the median time to trial in the Northern District of Illinois is 41.3 months, whereas the median time to trial in the Western District of Missouri is 26.1 months. *See* Federal Court Management Statistics – Comparison within Circuit, as of June 2020, available at https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2020.[2]

Additionally, the Plaintiff's claims are based entirely on the FLSA to which federal common law will apply, making familiarity with applicable law a neutral factor. As for the state's interest in adjudicating disputes where the conduct of businesses operating in that state is at the

---

[2] Data was not reported or available for the U.S. District Court for the Eastern District of Missouri, and so Defendant provides the Eastern District's sister district as a fair and reasonable comparator.

heart of the matter, *see Vanguard Mun. Bond Fund, Inc. v. Thompson Pub. Corp.*, 974 F. Supp. 1159, 1162 (N.D. Ill. 1997), Illinois has no such interest. The work performed occurred in Missouri and the Plaintiff is a Missouri resident, thus Missouri is the state with interests in redressing any alleged wrongdoing done by a business operating in their state or to citizens of their state. Finally, although Kimco has an office in Des Plaines, Illinois, it has no connection to the allegations in this case.

### *Conclusion*

Wherefore, for the foregoing reasons, venue is not appropriate in the U.S. District Court for the Northern District of Illinois, and Rule 12(b)(3) requires dismissal. Alternatively, the facts clearly demonstrate that litigation in the Eastern District of Missouri is more appropriate, and the case should be transferred there.

Respectfully submitted on November 12, 2020.

                                            CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

                                            By: */s/Susan Bassford Wilson*
                                            Susan Bassford Wilson, IL Bar No. 6299054
                                            300 S. Wacker, Suite 3100
                                            Chicago, Illinois 60606
                                            (314) 338-3740
                                            (314) 335-7930 (fax)
                                            swilson@constangy.com

                                            Attorneys for Defendant Kimco Facility Services, LLC

7021334v.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I electronically transmitted the foregoing document with the Clerk of Court using the ECF System, which will send notification of such filing to the following:

Alejandro Caffarelli
Madeline K. Engel
Katherine Stryker
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Suite 300
Chicago, IL 60604
acaffarelli@caffarelli.com
mengel@caffarelli.com
kstryker@caffarelli.com

Shaun Hanschen
Diedre Peters
Law Offices of Blanton, Nickell, Collins,
Douglas & Hanschen, LLC
219 S Kingshighway
Sikeston, MO 63801
shanschen@blantonlaw.com
dpeters@blantonlaw.com

ATTORNEYS FOR PLAINTIFF

                                                                          /s/Susan Bassford Wilson
                                                                           Attorney for Defendant

Page 10 of 10
Case 6:21-cv-03265-MDH   Document 16   Filed 11/12/20   Page 10 of 10
7021334v.1