# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MISTI HAYS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIMCO FACILITY SERVICES, LLC, ) <br> ) <br> Defendant. ) | No. 20-cv-05467 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiff Misti Hays has brought this action against Defendant Kimco Facility Services, LLC ("Kimco"), a Georgia limited liability company providing cleaning and maintenance services. Hays worked for Kimco as a cleaner at various third-party facilities in southern Missouri. She alleges that Kimco failed to pay overtime wages she earned, failed to correct the problem when she complained, and eventually retaliated against her by reducing her work assignments. Individually and on behalf of similarly situated Kimco employees, Hays asserts a claim for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* On her own behalf, she also asserts a claim for retaliation under the FLSA. Kimco has moved to dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer the case to Missouri under 28 U.S.C. § 1404(a). (Dkt. No. 15.) For the reasons that follow, Kimco's motion is granted with respect to the requested alternative relief. The Court directs the Clerk to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

## BACKGROUND

As alleged in her complaint, Hays lives in Morehouse, Missouri, while Kimco is a Georgia limited liability company with its principal offices in Atlanta, Georgia. (Compl. ¶ 6, Dkt. No. 1.) Kimco provides cleaning and maintenance services to commercial facilities across the United States. (*Id.* ¶ 6.) Since May 2017, Hays has worked as a cleaner for Kimco. (*Id.* ¶ 9.) She alleges that she reported to District Manager Heidi Wilson, who oversaw Kimco's operations in Missouri, Illinois, Kansas, Iowa, Nebraska, and South Dakota. (*Id.* ¶ 14.) She also reported to Missouri Area Manager Amanda Anderson. (*Id.* ¶ 15.)

Hays claims that she regularly worked overtime hours, but Wilson altered her timesheets to reduce her recorded hours and to avoid paying her overtime wages. (*Id.* ¶¶ 19–22.) According to Hays, she complained to Anderson about not being paid for overtime hours worked on several occasions but Anderson took no action. (*Id.* ¶¶ 23–24.) On June 12, 2020, Hays emailed Anderson and Wilson to complain about alterations to her timesheets and to request copies of them, but her concerns were not addressed and she was not provided with the requested copies. (*Id.* ¶¶ 25–26.) Hays alleges that she then emailed Kimco's Manager of Payroll to complain and requested an investigation. (*Id.* ¶ 27.) The complaint was forwarded to the human resources office, where Onesimo Romero, an HR Representative, was assigned to handle Hays's complaint. (*Id.* ¶ 28.)

According to Hays, Kimco subsequently removed her from one of her assigned worksites, which significantly reduced her hours and compensation. (*Id.* ¶¶ 29, 31.) Hays alleges that she had received excellent reviews from the store manager at that worksite and requested an explanation from Romero, Anderson, and Wilson, but they refused to give a reason for the decision. (*Id.* ¶ 30.) Hays claims that Kimco did not pay her for the overtime hours she had

worked and did not address Wilson's actions of altering her timesheets. (*Id.* ¶ 32.) According to Hays, Kimco has a widespread practice of altering time records and failing to pay overtime. (*Id.* ¶ 35.)

**DISCUSSION**

With the present motion, Kimco asserts that the Northern District of Illinois is not a proper venue for this matter and thus moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) or to transfer it to the Eastern District of Missouri under 28 U.S.C. § 1404(a). Hays opposes the motion and asserts that, if the case is transferred, it should be transferred to the Western District of Missouri. In the interest of judicial economy, the Court proceeds directly to its analysis under § 1404(a), as transfer to a federal district court in Missouri is appropriate regardless of whether based on a lack of venue in this District or due to the convenience of parties and witnesses. *See* 28 U.S.C. § 1406(a) (providing that when the district where a case is currently pending is not a proper venue, the court may, in the interest of justice, transfer such case to any district or division in which it could have been brought); *Moore v. Magiera Diesel Injection Servs., Inc.*, No. 18 C 3762, 2019 WL 2502029, at *6 (N.D. Ill. June 17, 2019) (where justified by prudential considerations, a court may determine whether to transfer case pursuant to § 1404(a) before deciding whether to dismiss it for improper venue or lack of personal jurisdiction). Regardless of whether the Northern District of Illinois is a proper venue for this case, as discussed below, either the Eastern District of Missouri or the Western District of Missouri would be a more appropriate venue. The question, then, is to which of those districts should this case be transferred.[1]

---

[1] Generally, it is more appropriate to transfer a misfiled case than to dismiss it; dismissing the case imposes delays on resolution of the dispute and may imperil the plaintiff's case. *See Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059–60 (N.D. Ill. 2002) (citing *Goldlawr*, 369 U.S. at 467); *see also Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) ("Generally, the interests of

## I. Standard for Transfer Under § 1404(a)

Section 1404(a) provides that, even when venue is appropriate in the district where a case is currently pending, "a district court may transfer any civil action to any other district or division where it might have been brought" if certain factors weigh in favor of doing so. 28 U.S.C. § 1404(a). "[T]he three factors specifically mentioned in § 1404(a) [are] the convenience of the parties, the convenience of the witnesses, and the interest of justice . . . ." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986). The party seeking transfer has "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id*. at 219–20. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (noting that the § 1404(a) analysis requires an "individualized, case-by-case consideration of convenience and fairness"). The Court may consider affidavits from the parties, in addition to the complaint's allegations, in deciding a motion to transfer. *See, e.g.*, *Simonian v. Monster Cable Prods., Inc.*, 821 F. Supp. 2d 996, 998 (N.D. Ill. 2010).

## II. Convenience of Parties and Witnesses

First, in evaluating the convenience of parties and witnesses, the Court considers "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Law Bull. Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

---

justice require transfer to the appropriate judicial district rather than dismissal."). Thus, if venue were not proper in this District, the Court would find it in the interest of justice to transfer the case to Missouri under § 1406(a). *See Moore,* 2019 WL 2502029, at *6 (listing cases transferring venue without determining whether personal jurisdiction and venue are appropriate in the district of the transferor court).

Hays chose to bring this case in the Northern District of Illinois, but because she does not live in this District and did not perform work for Kimco in this District, her choice is entitled to less deference. *Poole v. Saddler*, No. 13-cv-4984, 2014 WL 585306, at *6 (N.D. Ill. Feb. 14, 2014) ("The amount of deference courts give to the plaintiff's choice of forum lessens where the plaintiff's choice is not [her] home forum or bears little connection to the litigation."). Thus, this factor weighs only slightly against transfer.

Regarding the situs of material events, "the location of material events for purposes of venue is the location where the defendant's decisions and activities that gave rise to the claim took place." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004). Where a corporate defendant's conduct is at issue, courts often look to where the underlying business decisions were made. *See, e.g.*, *Preston v. Am. Honda Motor Co.,* No. 17 C 3549, 2017 WL 5001447, at *3 (N.D. Ill. Nov. 2, 2017); *U.S. ex rel. Heathcote Holdings Corp. v. Maybelline LLC*, No. 10 C 2544, 2011 WL 941350, at *6 (N.D. Ill. Mar. 15, 2011). Here, the key actions were taken by Wilson and Anderson, Hays's managers. According to an affidavit from Kimco's director of "risk management and legal," Wilson and Anderson are remote workers who reside in Missouri and are not assigned to a physical Kimco office space. (Def.'s Mem., Ex. A, Calzon-Bazain Decl. ¶¶ 2, 8–9, 11–12, 14, Dkt. No. 16-1.) Their employment is based out of Missouri, where they supervise and manage employees. (*Id.* ¶¶ 9, 12.) Kimco's human resources department is located in Atlanta, Georgia, where its employment policies and employee records are also generally maintained. (*Id.* ¶ 5.) Thus, the key business decisions in this case appear to have occurred in Wilson's and Anderson's Missouri homes (where they work) and potentially in Atlanta, Georgia (where Kimco made its personnel decisions), but not in Illinois.

Hays contends that Wilson, Anderson, and Romero actually work in Des Plaines, Illinois, as indicated by their email signatures. (Pl.'s Resp., Exs. A-1–A-3, Kimco Emails, Dkt. Nos. 19-2–19-4.) Hays claims that the email signatures establish those employees' business addresses. But Hays's evidence and argument only establish, at most, that Wilson and Anderson had mailing addresses in Illinois. As Kimco convincingly argues, it is natural that Wilson and Anderson would want to offer clients and business associates a physical mailing address other than their personal, home addresses. On the other hand, Kimco offers no evidence that Romero worked anywhere other than Des Plaines. Thus, for purposes of this motion, the Court accepts that Romero worked at Kimco's Des Plaines, Illinois office.

Still, the relevant decisions and activities in this case ultimately are far more connected to Missouri than to Illinois—at least based on the record before the Court. Missouri is where Hays performed work for Kimco and submitted her timecards. It is also where her managers received her complaints, allegedly altered her timecards, and allegedly failed to produce copies of her timecards after being requested to do so. This factor weighs heavily towards transfer.

The relative ease of access to sources of proof does not weigh in either direction. There is no indication that the evidence in this case will be difficult to access, and "in an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." *Campbell v. Campbell*, 262 F. Supp. 3d 701, 710 (N.D. Ill. 2017) (internal quotation marks omitted).

The convenience of witnesses, however, weighs towards transfer. "The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989). In evaluating this factor, "the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case."

*Law Bull. Publ'g Co.*, 992 F. Supp. at 1018. Generally, the convenience of party witnesses is given less weight than that of nonparty witnesses. *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 961 (N.D. Ill. 2013). Nevertheless, the convenience of party witnesses is entitled to "some weight." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). Here, other than Romero, the record does not suggest that ***any*** potential witnesses work or live in Illinois. Hays, Anderson, and Wilson all live in southern Missouri, and the third-party workplace from which Hays was removed after she complained to human resources is also in Missouri.

Finally, the convenience to the parties weighs towards transfer. "[T]he moving party . . . has the burden of showing that the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Marshall v. Wexford Health Sources, Inc.*, No. 13 C 8678, 2014 WL 2536246, at *3 (N.D. Ill. June 5, 2014) (internal quotation marks omitted). Here, Kimco convincingly argues that it would be inconvenient to litigate in a location that is disconnected from the facts and witnesses of the case. Kimco also contends that Missouri is reasonably convenient for the parties' counsel, a point that Hays does not contest. In any event, the convenience of counsel is not generally considered for purposes of venue. *Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *see also Household Reinsurance Co. v. Travelers Ins. Co.*, No. 91 C 1308, 1991 WL 119121, at *2 (N.D. Ill. June 28, 1991) ("While certain cases . . . have factored in convenience of counsel, most courts have refused to do so." (citations omitted)).

### III. Interest of Justice

Next, the Court evaluates whether transfer would be in the interest of justice "by looking at docket congestion, speed to trial, familiarity with the law, the desirability of resolving

controversies in each locale, and the relationship of each community to the controversy." *Luera v. Godinez*, No. 13-cv-02041, 2015 WL 1538613, at *5 (N.D. Ill. Mar. 30, 2015).

When considering docket congestion and speed to trial, courts frequently refer to two statistics: (1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases. *See, e.g.*, *AL & PO Corp. v. Am. Healthcare Cap., Inc.*, No. 14 C 1905, 2015 WL 738694, at *5 (N.D. Ill. Feb. 19, 2015). The most recent available statistics are from June 2021. *See United States District Courts—National Judicial Caseload Profile*, U.S. Courts (June 30, 2021), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf. In the Northern District of Illinois, cases took, on average, 14.2 months from filing to disposition and 48.1 months from filing to trial; in the Eastern District of Missouri, cases took 8.0 months from filing to disposition on average and numbers were not available for filing to trial; and in the Western District of Missouri, cases took 7.6 months from filing to disposition on average and numbers were not available for filing to trial. *Id.* Cases presently take less than half as long to be resolved in Missouri district courts than in this District. And in past years, when filing to trial times were available in the Eastern and Western Districts of Missouri, they were almost always significantly shorter than the lengths in the Northern District of Illinois. *Id.* Thus, this factor weighs in favor of transfer.

Familiarity with the law does not weigh in either direction, as Hays asserts no state law claims and in actions involving only federal law "a judge in a particular district has no inherent advantage over [a] judge in other districts." *SEC v. Kasirer*, No. 04 C 4340, 2005 WL 645246, at *3 (N.D. Ill. Mar. 21, 2005).

The final factor is the relationship of each community to the controversy and the desirability of resolving controversies in each locale, which weighs towards transfer. "Resolving litigated controversies in their locale is a desirable goal of the federal courts." *F.T.C. v. Am. Tax Relief LLC*, No. 10 C 6123, 2011 WL 2893059, at *8 (N.D. Ill. July 20, 2011). Here, as discussed above, Illinois has only a tenuous connection to the claims in this case, while Missouri is at the center of the controversy.

## IV. Destination of Transfer

The above factors weigh heavily towards transferring this case to Missouri, and the Court will order such a transfer. The final issue is whether the destination should be the Western District of Missouri or the Eastern District of Missouri.

Kimco requests transfer to the Eastern District of Missouri, where Hays lives and performed work for Kimco. Hays requests transfer to the Western District of Missouri, where her managers live and work and, presumably, made the business decisions that of which Hays complains. Neither district plainly has a greater connection to the case—the Western District is the seat of Kimco's Missouri and midwestern operations, but the Eastern District is where Hays's work actually took place. Neither district has a notable advantage over the other as to the convenience of the parties, the convenience of the witnesses, or the interest of justice.

Here, the deciding factor in the interests of justice is the "subpoena range" of the relevant courts. "A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person [and under additional circumstances for parties and parties' officers]." Fed. R. Civ. P. 45(c)(1). Wilson resides in Marshfield, Missouri and Anderson resides in Seymour, Missouri. (Calzon-Bazain Decl. ¶¶ 8, 11.) They work from their homes, and the record does not indicate

that they regularly transact business anywhere else. Both of their residences are in Webster County, which ties them to the Springfield (Southern) division of the Western District of Missouri. *See District Boundaries and Places Holding Court*, Western District of Missouri, https://www.mow.uscourts.gov/faq-sub-category/district-boundaries-and-places-holding-court. Wilson lives 26 miles from the federal courthouse in Springfield, while Anderson lives 33 miles away.[2] Meanwhile, Hays lives in Morehouse, Missouri, and most recently worked for Kimco in Poplar Bluff, Missouri and Sikeston, Missouri. These cities are located in Butler, Scott, and New Madrid counties, all of which are tied to the Southeastern Division of the Eastern District of Missouri. *See Counties by Division*, Eastern District of Missouri, https://www.moed.uscourts.gov/counties-division. Wilson lives 246 miles from the federal courthouse in that division and Anderson lives 234 miles away.

In short, if this case were transferred to the Eastern District of Missouri, Anderson and Wilson would be outside of the receiving court's subpoena range. Although Hays will have to travel farther to reach the courthouse if the case is transferred to the Western District, she prefers that district and presumably will not be prejudiced by it. Certainly, it is generally expected that a party will produce its employees for trial, *see Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, at *5 (N.D. Ill. Jan. 20, 2000). But if

---

[2] The Court takes judicial notice of the relevant distances as computed using Google Maps. *See Cloe v. City of Indianapolis*, 712 F.3d 1171, 1177 n.3 (7th Cir. 2013) ("We have taken judicial notice of—and drawn our distance estimates from—images available on Google Maps, a source whose accuracy cannot reasonably be questioned, at least for the purpose of determining general distances.") (internal quotation marks omitted), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). Likewise, the Court takes judicial notice of the counties where the Missouri cities in this case are located. *See United States v. Mendell*, 447 F.2d 639, 641 (7th Cir. 1971) ("Among the matters long recognized as proper subjects for judicial notice are a wide range of geographic facts, including location.").

Anderson or Wilson leave their employment with Kimco, a transfer to the Western District gives Hays a better chance of securing their testimony in this case.

Kimco notes that the third-party company from which it removed Hays's assignment after she complained about her timesheets is located in southeast Missouri. Thus, that company is within the subpoena range of the Eastern District of Missouri, not the Western District. But Anderson and Wilson, who took many of the key actions in this case, are more central to the matter than that third-party company. Further, Kimco does not directly address Hays's arguments for transferring the case to the Western District, nor does Kimco appear strongly to oppose transfer to that district. Ultimately, Kimco chose to hire two Missouri residents to manage Hays's work and decided that their work would occur out of their homes in Missouri. Thus, it is fair that Kimco face suit in the judicial district where they have established their regional operations and where the decisions of which Hays complains were made. *Cf. Cossart v. United Excel Corp.*, 804 F.3d 13, 20–21 (1st Cir. 2015) (out-of-state company's purposeful, long-term employment of remote worker constituted personal availment, establishing personal jurisdiction).

## CONCLUSION

Kimco's motion to dismiss or transfer venue (Dkt. No. 15) is granted as to the requested alternative relief. The Clerk is directed to transfer this action to the Western District of Missouri for further proceedings.

ENTERED:

Dated: September 29, 2021

_____
Andrea R. Wood
United States District Judge